UNITED STATES DISTRICT COURT
FOR THE
STATE OF VERMONT

| | |
|---|---|
| RICKY WILKINSON,<br>    Petitioner,<br><br>v.<br><br>ROBERT HOFMANN, Commissioner,<br>Vermont Department of Corrections,<br>    Respondent. | File No. 1:06-CV-234 |

## OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES, Robert Hofmann, Commissioner of the Vermont Department of Corrections, by and through Vermont Attorney General William H. Sorrell, and hereby files his response in opposition to the Petition for Writ of Habeas Corpus. In support hereof, Respondent relies upon all papers and pleadings on file and sets forth the following:

## FACTS AND PROCEDURAL HISTORY

Petitioner seeks relief from this Court to release him from the custody of the State of Vermont. Petitioner claims that his confinement is in violation of his Sixth Amendment rights to confront his accuser and to present a defense through witness testimony.

Petitioner was convicted in Vermont District Court of committing first-degree aggravated domestic assault in pointing a gun at and threatening to kill his stepson. Petitioner was sentenced to a prison term of 10-15 years. At the trial, a hearsay statement of the stepson regarding the incident was admitted into evidence as an excited utterance pursuant to the Vermont Rules of Evidence, Rule 803(2). The stepson spoke to a cousin of Petitioner after he threatened to kill him. *State v. Wilkinson*, 178 Vt. 174, 176. (2005).

1

The stepson is a convicted perjurer. *Id.* at 175. As such, he was barred from testifying pursuant to 13 V.S.A. § 2907, which stated that "[t]he oath of a person convicted of perjury . . . shall not be received in a proceeding in court." 13 V.S.A. § 2907 (Repealed. 2005, No. 148 (Adj. Sess.), § 4e.).

Petitioner claims his right to confront his accuser was violated because the court admitted the stepson's hearsay statements and refused to disregard the perjurer statute and allow him to call his stepson to the stand "to contradict or refute the alleged excited utterances." *Petition for a Writ of Habeas Corpus*, 2, ¶ 11. For the same reason, Petitioner claims he was not afforded his right to present defense evidence.

Petitioner appealed his conviction to the Vermont Supreme Court on these grounds. The Vermont Supreme Court affirmed the conviction. *Wilkinson*, 178 Vt. at 180.

**ARGUMENT**

Federal law requires that a petition for a writ of habeas corpus be denied unless the decision reached by the State court was "was contrary to, or involved an unreasonable application of, clearly established Federal law" or if it was "based on an unreasonable determination of the facts." 28 U.S.C.A. § 2254(d)(1). The Vermont Supreme Court properly applied clearly established federal law and there is no claim that its decision was based on an unreasonable determination of the facts.

I. **PETITIONER'S SIXTH AMENDMENT RIGHT TO CONFRONT HIS ACCUSER WAS NOT VIOLATED BECAUSE THE EXCITED UTTERANCE WAS NOT TESTIMONIAL.**

The United States Supreme Court held that Confrontation Clause concerns arise only "[w]here *testimonial* evidence is at issue." *Crawford v. Washington*, 541 U.S. 36, 68

(2004). The Vermont Supreme Court determined that the stepson's excited utterance was non-testimonial. *Wilkinson*, 178 Vt. at 178.

The Vermont Supreme Court was guided by the *Crawford* decision, as well as by case law from other jurisdictions to reach its conclusion. *Id.* at 177-178. "The *Crawford* Court explained that testimony is 'typically [a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Id.* at 177 (quoting *Crawford*, 541 U.S. at 51).

The statement is question was made to a cousin of Petitioner after the incident. *Id.* at 176. The stepson told the cousin that Petitioner had pulled a gun on him, that he was afraid and thought that Petitioner was going to kill him. *Id.*

The Vermont Supreme Court addressed a number of factors in determining that the statement was not testimonial. There was no police involvement when the statement was made. *Id.* at 178. The cousin had no relationship to the prosecution. *Id.* The stepson was not under oath. *Id.* The statement was not a product of an adversarial process. *Id.* The statement was not a result of information collection. *Id.* There was also no formality or structure to the making of the statement. *Id.* After acknowledging this lack of testimonial trappings, the *Wilkinson* Court found that the stepson "was excitedly expressing his fear to a friend." *Id.*

It cannot be said that this analysis was contrary to the *Crawford* standard or that the standard was unreasonably applied. The very nature of the "excited utterance" belies any testimonial nature of the statement. The stress of excitement of the declarant negates any notion that the declaration is solemn. The declarant's purpose for an excited utterance is not to establish some fact for later use but to express emotion. A holding by

the *Wilkinson* Court that excited utterances are *per se* non-testimonial would have been a reasonable application of *Crawford*. Here the Court carefully established the reasons for its decision.

The decision reached by the State court was not only a reasonable application of *Crawford*, but a correct one, and Petitioner's rights under the Confrontation Clause of the Sixth Amendment were not violated.

### II. PETITIONER'S SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE WAS NOT VIOLATED BECAUSE HAD NO RIGHT TO PRESENT A PERJURER AS A WITNESS.

Petitioner also raises a claim of violation of his Sixth Amendment right to present a defense was violated by the application of 13 V.S.A. § 2907, barring his stepson from testifying at trial. Petitioner did not raise this objection at trial but the Vermont Supreme Court addressed the claim through a "plain error" procedure pursuant to V.R.E. 52(b). *Wilkinson*, 178 Vt. at 179. To the degree that Petitioner has not procedurally defaulted his claim, his right was not violated because the exclusion of the witness was not arbitrary and Petitioner only had the right to compel *favorable* testimony of witnesses.

Petitioner did not challenge the constitutionality of the perjurer statute, but only its application to him. *Id.* at 179. As discussed by the *Wilkinson* Court, a Sixth Amendment violation does not occur when a witness is barred as part of a *class* of persons deemed to be unfit to testify at all. *See Id.* at 180 (citing *Washington v. Texas*, 388 U.S. 14, 17). At the time of trial, all convicted perjurers were barred from testifying in any capacity. The application of 13 V.S.A. § 2907 was uniform, and not arbitrarily applied to Petitioner. Because of this, the Vermont Supreme Court did not find plain error in the application of the statute.

Furthermore, Petitioner had no right to compel testimony that was not favorable to his defense.

> [T]he Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him "compulsory process for obtaining *witnesses in his favor.*" In *Washington*, this Court found a violation of this Clause of the Sixth Amendment when the defendant was arbitrarily deprived of "testimony [that] would have been *relevant* and *material*, and ... *vital* to the defense."

*U.S. v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (internal citations omitted).

The stepson in this case was Petitioner's victim, and apparently not the only witness to the incident. *See Wilkinson*, 178 Vt. at 175. The stepson's hearsay statements addressed both his state of mind at the time and that "defendant had pulled a gun on him." *Id.* at 176.

The only indication from Petitioner that the testimony of the stepson would be favorable is the desire to "present Tom's testimony to contradict or refute the alleged excited utterances." *Petition for a Writ of Habeas Corpus*, 2, ¶ 11. Incongruously, Petitioner, in the very same sentence, claims a violation of his right to confront his accuser: the witness he claims he would have called in his favor. *Id.* Nowhere does Petitioner claim actual innocence, so it is not clear what favorable testimony would be presented.

"[Petitioner] must at least make some plausible showing of how [the] testimony would have been both material and favorable to his defense." *Valenzuela-Bernal*, 458 U.S. at 867. Petitioner has not made a plausible showing. Furthermore, the *Wilkinson* Court held that "the inherent trustworthiness of Tom's [the stepson's] excited utterance made the statement admissible." *Wilkinson*, 178 Vt. at 179. Petitioner had the right to compel favorable testimony; he does not have the right to compel favorable perjury.

Because the Vermont Supreme Court reasonably applied the standard found in *Washington v. Texas*, and because Petitioner has not established that the barred testimony would be favorable, Petitioner's Sixth Amendment right to compel testimony was not violated.

WHEREFORE, Respondent respectfully requests that the Petition for Writ of Habeas Corpus of Ricky Wilkinson be DENIED.

DATED at Waterbury, Vermont this 30th day of April 2007.

                                  Respectfully submitted,

                                  WILLIAM H. SORRELL
                                  ATTORNEY GENERAL

By: *[signature]*
               Kurt A. Kuehl
               Assistant Attorney General
               Attorney General's Office
               103 South Main Street
               Waterbury, VT  05671-0701
               Counsel for Respondent

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| RICKY WILKINSON,<br>    Petitioner,<br><br>v.<br><br>ROBERT HOFMANN, Commissioner,<br>Vermont Department of Corrections,<br>    Respondent. | File No. 1:06-CV-234 |

## **CERTIFICATE OF SERVICE**

This is to certify that on the 30th day of April 2007, I served copies of the Opposition to Petition for Writ of Habeas Corpus and this Certificate of Service by mailing same in a sealed envelope via first-class mail to the following: Seth E. Lipschutz, Esq., Prisoners' Rights Office, 6 Baldwin Street, 4th Floor, Montpelier, VT 05633-3301.

/s/ Kurt Kuehl
_____
Kurt A. Kuehl
Assistant Attorney General
Attorney General's Office
103 South Main Street
Waterbury, VT 05671-0701
Counsel for Respndent