

**RECEIVED**

JAN 2 8 2008

U.S. DISTRICT COURT
BURLINGTON, VT

*Deputy State's Attorneys*
Christina Rainville, Esq.
Gabrielle J. Gautieri, Esq.
Robert F. Plunkett, Esq.
Michael Munson, Esq.

*Victim Advocates*
Elaina Essaff
Tammy Loveland

**STATE OF VERMONT**
Bennington County State's Attorney's Office
*ERICA A. MARTHAGE*
150 Veterans Memorial Drive, Suite 10
Bennington, Vermont 05201
(802) 442-8116
FAX (802) 447-2775
TTY Available

*Investigator*
Gary J. Briggs

January 28, 2008

The Honorable Jerome J. Neidermeier
United States District Court
P.O. Box 836
Burlington, VT 05402-0836

Re:   **Ricky Wilkinson v. Rob Hoffman, No. 1:06-CV-234**

Dear Judge Neidermeier:

We are writing to advise the Court of the Supreme Court's decision in Whorton v. Bockting, ---U.S. ---, 127 S. Ct. 1173, 1184 (February 28, 2007), which materially changes the landscape for tomorrow's hearing. While Whorton was decided in February, the State became aware of the case just this weekend, while preparing for the hearing.

In Whorton v. Bockting, 127 S. Ct. at 1184, the Supreme Court ruled that Crawford v. Washington, 541 U.S. 36 (2004), cannot be applied retroactively, and that the appropriate standard for cases which concluded prior to Crawford (March 8, 2004) was the standard set forth in Ohio v. Roberts, 448 U.S. 56 (1980). Under the Supreme Court's ruling in Whorton, Crawford, and all of the cases that follow and interpret Crawford, have no relevance to this proceeding because Crawford was decided after Defendant was convicted.

Defendant was found guilty after a jury trial on June 18, 2003. Crawford was not decided until nearly a year later, on March 8, 2004. Clearly, under Whorton, Crawford -- and all of the subsequent interpretations of Crawford -- cannot apply to Defendant's case. The only confrontation issue that can be presented to this Court is whether, under the standards set forth in Ohio v. Roberts, there has been a violation of Defendant's confrontation right.

This raises two important issues:

1. Since the Vermont Supreme Court based its decision solely on <u>Crawford</u>, Defendant has not exhausted his claim because "he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(3)(c). Accordingly, Defendant's petition should be dismissed without prejudice pending further consideration by the Vermont courts of whether the facts alleged here constitute a constitutional violation under <u>Ohio v. Roberts</u>.

2. Alternatively, this Court, using the standards set forth in <u>Ohio v. Roberts</u>, could deny the Petition on the merits, pursuant to 28 U.S.C. § 2254 (b)(2), which permits the Court to deny a habeas petition "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

We will discuss these issues in turn, below.

I. DEFENDANT HAS NOT EXHAUSTED HIS CLAIM, BECAUSE HE HAS PROCEDURES AVAILABLE TO RAISE HIS CLAIM IN THE VERMONT COURTS.

It is, of course, basic law that a court cannot grant a writ of habeas corpus unless the defendant has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In addition, "an applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(3)(c).

In this case, Defendant has <u>two</u> available means of presenting the question to the State courts:

1. Defendant can file a petition for post-conviction relief pursuant to Vermont's habeas corpus rule, 12 V.S.A.§ 3952, <u>et seq.</u>, requesting that the Vermont courts consider his claim under <u>Ohio v. Roberts</u>.

2. Defendant can file a Petition for Extraordinary Relief in the Vermont Supreme Court, pursuant to Rule 21 of the Vermont Rules of Appellate Procedure, requesting reconsideration in light of the recent decision in <u>Whorton</u>.

Accordingly, his petition is premature, and <u>must</u> be dismissed (unless the Court elects to deny it, as discussed below).

## II. THIS COURT CAN DENY DEFENDANT'S PETITION AFTER APPLYING THE STANDARD SET FORTH IN OHIO V. ROBERTS.

Even though Defendant has not exhausted his claim, this Court may still deny the Petition. Under Section 2254 (b)(2), this Court may deny Defendant's habeas petition "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." In order to do this, the Court would need to consider the standard set forth in Ohio v. Roberts, as later interpreted in Whorton. Clearly, as discussed below, the Ohio v. Roberts standard does not warrant any relief for Defendant. However, even if one were to assume for the sake of argument that there was a constitutional violation here, the Court would next need to determine whether that alleged violation had a "substantial and injurious effect," as required by Fry v. Pliler, --- U.S. ---, 127 S. Ct. 2321, 2328 (2007). Since Defendant can neither prove a constitutional violation, nor any "substantial and injurious effect," the Petition should be denied.

### A. There Was No Constitutional Violation Under the Standard Set Forth in Ohio v. Roberts.

The Court should deny Defendant's Petition because the statement was admissible under the standard set forth in Ohio v. Roberts. See Whorton v. Bockting, supra, 127 S. Ct. at 1179, 1183.

In Ohio v. Roberts, 448 U.S. at 58, the issue was whether a witness' testimony from a preliminary hearing could be used at trial when the witness did not appear at the trial. The Supreme Court set forth the standard for admissibility of such statements:

> In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

448 U.S. at 66. In the instant case, there is no dispute that the witness was unavailable. Accordingly, the only remaining issue under Ohio v. Roberts is whether the statement has "indicia of reliability," as can be inferred, if it "falls within a firmly rooted hearsay exception."

Defendant only made mention of the issue of whether the statement constituted an excited utterance in its brief before the Vermont Supreme Court. Defendant did not argue that the statement at issue was not an excited utterance, or that it did not fall within a firmly-rooted hearsay exception, but simply reported that the trial court had so found. Accordingly, the Vermont Supreme Court simply accepted the finding by the trial court that the statement was an excited utterance, as defined by Rule 803(2) of the Vermont Rules of Evidence, and fell within a firmly-rooted hearsay exception. State v. Wilkinson,

178 Vt. 174, 178 (2005). Here, too, in the present proceeding, Defendant has not challenged the finding that the statement at issue is an excited utterance. Accordingly, under the Ohio v. Roberts standard, the statement was admissible and there was no violation of the Confrontation Clause. If Defendant now wants to challenge the finding that the statement was an excited utterance, it cannot do so for the first time in this Court.

      B.    The Petition Must Also Be Denied Because There is No Evidence of a Substantial and Injurious Effect.

Finally, even if one were to assume for the sake of argument that a constitutional violation had occurred, the Court should still deny the Petition because there is no evidence that the error had a "substantial and injurious effect." See Fry v. Pliler, supra, -- U.S. ---, 127 S. Ct. at 2328.

The witness at issue in this case, Tom Wilkinson, was deposed. Defendant had a complete and thorough opportunity to cross-examine Tom in the deposition, and Defendant could have tried to offer any such deposition statements into evidence at the trial if they were in any way favorable to the defense. As best as the State can determine, the record is devoid of any effort by Defendant to offer any statement made by Tom in the deposition into evidence. Furthermore, Defendant has not offered a single statement from the deposition in this proceeding, as evidence of the alleged prejudicial nature of the alleged error. Surely, if there were a single statement favorable to the Defendant in that deposition, Defendant would have – and could have – presented evidence of it to this Court. Instead, at most, Defendant makes a hypothetical argument that amounts to nothing more than mere speculation, that is, that maybe Defendant could have attacked Tom's credibility if he had been on the stand. The fact is that Defendant had a full and complete opportunity to attack Tom's credibility, and apparently, was unable to do so. Surely, under these circumstances, there is no evidence of any injurious effect, much less a substantial one, and the Petition should be denied for this reason as well.

      Respectfully submitted,

      *[signature]*

      Christina Rainville
      Chief Deputy State's Attorney

cc: Rebecca Turner, Esq.
    William A. Nelson, Esq.